**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3307-17T4

STERLING NATIONAL BANK
as successor by merger
to ASTORIA BANK,

     Plaintiff-Respondent,

v.

STEPHEN A. RUCCIO and
MARGARET M. RUCCIO,
his wife,

     Defendants-Appellants.

_____

Submitted December 12, 2018 - Decided January 9, 2019

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-029050-16.

Stephen A. Ruccio, appellant pro se.

Milstead & Associates, LLC, attorneys for respondent (Bernadette Irace, on the brief).

PER CURIAM

In this contested residential mortgage foreclosure action, defendant Stephen A. Ruccio appeals from the entry of final judgment, contending plaintiff Sterling National Bank failed to establish its predecessor in this action, Astoria Bank, possessed the note and mortgage when it filed its foreclosure complaint. Because the record reveals plaintiff's predecessor established its standing by actual possession of the note and a duly recorded assignment of mortgage pre-dating its complaint, we affirm.

Defendant and his wife borrowed $295,920 from Astoria Federal Mortgage Corp. to purchase a second home in Berkeley Township in July 2005, executing a thirty-year note and a purchase money mortgage. The loan went into default for non-payment in 2016. As reflected in the 2016 foreclosure complaint, Astoria Federal Mortgage Corp. transferred physical possession of the note and mortgage to Astoria Bank, the original plaintiff, and recorded an assignment of mortgage documenting the transfer a month before the complaint was filed. While the matter was pending in the Chancery court, Astoria was acquired by Sterling National Bank. The Chancery judge amended the caption accordingly.

On plaintiff's motion for summary judgment, defendant admitted execution of the note and mortgage as well as the payment default, contesting

only plaintiff's standing. The court granted summary judgment[1] based on defendant's failure to raise a genuine dispute of fact contesting the certification of the assistant secretary of Astoria Bank made on personal knowledge in accordance with R. 1:6-6 that she personally examined the Bank's business records and could attest Astoria Bank possessed the original of the note and a recorded assignment of the mortgage when the complaint was filed and that both remained in its possession. See Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597-600 (App. Div. 2011).

When Sterling moved for final judgment, defendant opposed the motion and cross-moved to dismiss the complaint, again asserting plaintiff's failure to prove its standing to enforce the note and mortgage. Plaintiff's counsel brought the original note to court and permitted defendant to review it prior to argument on the motions. At argument, the court noted the prior certification by Astoria's assistant secretary that she had reviewed the original note in the Bank's possession and asked defendant whether he was satisfied after viewing it himself that Sterling was "the appropriate party to proceed against the note in

---

[1] The court did, however, agree with defendant that plaintiff's notice of intent was defective and required service of a corrected notice before plaintiff could move for final judgment. See US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 476 (2012) (permitting the trial court to order service of a corrected notice when the notice of intent does not comply with N.J.S.A. 2A:50-56(c)(11)).

A-3307-17T4

foreclosure." Defendant admitted he was satisfied and had nothing further to offer. The court, after again reviewing the history of the matter on the record, dismissed defendant's objection, denied defendant's cross-motion to dismiss and returned the matter to the Office of Foreclosure for entry of final judgment.

Defendant appeals, reprising the standing arguments he made to the trial court. Having considered defendant's arguments and reviewed the record on the motion, we affirm, substantially for the reasons expressed by Judge Hodgson in his opinion from the bench on February 16, 2018.

As actual holders of the note, plaintiff and its predecessor easily established standing to pursue its foreclosure. See Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 330-31 (Ch. Div. 2010). Astoria's standing was further demonstrated by a recorded assignment of mortgage pre-dating the complaint. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). Sterling's physical possession of the note and a recorded assignment of mortgage likewise provided it standing to pursue the complaint to judgment. See ibid. Defendant's arguments to the contrary are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3307-17T4